UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY SMITH,

    *Plaintiff,*       CASE NO. 13-CV-13327

*v.*       DISTRICT JUDGE THOMAS L. LUDINGTON
    MAGISTRATE JUDGE CHARLES BINDER

BANK OF AMERICA/FLEET,

    *Defendant.*
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
(Doc. 3)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to dismiss be **GRANTED.**

**II.    REPORT**

    **A.    Introduction**

On August 2, 2013, this case was removed to this Court from the 23rd Judicial Circuit Court in Harrisville, Michigan, based on this Court's federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at Ex. A.) Plaintiff Rodney Smith's *pro se* complaint alleges various claims under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1601, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 2.) On August 9, 2013, Defendant

Bank of America/Fleet[1] (hereafter "Defendant") filed the instant motion to dismiss. (Doc. 3.) Plaintiff responded on September 9, 2013 (Doc. 6), Defendant replied on September 24, 2013 (Doc. 7), and Plaintiff filed a "Surrejoinder" on October 15, 2013. (Doc. 8.) I therefore suggest that the motion is ready for report and recommendation without oral argument pursuant to E.D. Mich. LR 7.1(f)(1).

### B.     Motion Standards

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

---

[1] Defendant notes that its actual name is FIA Card Services, N.A., and that it is a wholly-owned subsidiary of Bank of America Corporation. (Doc. 3.)

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert motion to dismiss into motion for summary judgment).

**C.   Complaint**

The complaint is entitled "Complaint for Declaratory Judgment to Declare a Void Judgment a Matter of Public Record." (Doc. 1, Ex. A at Pg ID 8.) Plaintiff refers to Defendant as Bank of America/Fleet or "BAF" in his complaint. The judgment complained about is one from Michigan's 81st Judicial District Court in Iosco County and was decided by Judge Allen C. Yenior on July 3, 2006. (*Id.* at Pg ID 7, 55; Doc. 3-3 at Pg ID 150.)

Plaintiff Smith asks the Court to declare that the "action in the name of BAF against Smith in the 81st District Court of Michigan, case 06-034GC" and the "order dated 7-26-06 against Smith" was "contrary to law" and "void" and "still is" void and he requests that "said void must be made a matter of public record . . . ." (Doc. 1 at Pg ID 13.) Under the "Conclusion and Remedy Sought" portion of the complaint, Plaintiff states that it is this "court's duty . . . to protect Smith,

3

his rights, and his property from further trespass and injury by BAF's usage of said void order" and requests that this Court "declare the void judgment in 06-034GC a matter of public record." (Doc. 1 at Pg ID 48.) In an attached "Brief on Dispute," Plaintiff states a "Demand for Recusal" of the state court judge who issued the opinion in the 81st Judicial District of Michigan, i.e., Judge Yenior. (*Id.* at Pg ID 55.)

The majority of the 41-page complaint is extremely difficult to follow, mentioning a lack of subject matter jurisdiction, various constitutional provisions, the duties of obligors to provide documentary evidence of a debt owed, the "doctrine of stare decisis[,]" and other maxims of law. (*Id.* at Pg ID 19.) Plaintiff also states that he "has the right to make negative averments requiring opposing party to adduce evidence that is in the possession of said opposing party," (*id.* at Pg ID 22), includes the definition of deposit (*id.* at Pg ID 25), states that "malice may be inferred from lack of probable cause" (*id.* at Pg ID 26), references conduct that is "contrary to justice, honesty, or morality in the area of legal ethics" (*id.*), refers to the effects of judgments that are void for lack of subject matter jurisdiction (*id.* at Pg ID 28), and states that Plaintiff has a "right to be provided documentation, such as an account ledger, to show whether the amount [he] questioned was correct and not just a copy of the same hearsay report/billing statement second-handedly assembled from said original documentation . . . ." (*Id.* at Pg ID 31.)

### D. Analysis and Conclusions

Defendant moves for dismissal on the ground that the complaint is an improper attempt to collaterally attack a prior state court judgment. (Doc. 3 at Pg ID 79.) I suggest that Defendant is correct. Pursuant to the *Rooker-Feldman* doctrine, this Court has no power to overturn state court judgments. The Sixth Circuit has explained the foundation of the *Rooker-Feldman* doctrine as follows:

> The doctrine originates from two Supreme Court decisions, which were rendered 60 years apart. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. In *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478-79. In both cases the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79.

*Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006). Lower federal courts also lack jurisdiction to review any federal claims that are "inextricably intertwined" with a state court's decision. *See Feldman*, 460 U.S. at 486-87. A plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that the state court wrongly decided the issues before it. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) ("'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'") (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990)).

Since the only relief Plaintiff seeks is a declaration that the state court judgment against him is void, I suggest that this Court lacks jurisdiction to grant the relief requested. *See Catz, supra*; *Sprague v. Baillargeon*, No. 1:12-cv-978, 2012 WL 5874485, at *1 (W.D. Mich. Nov. 20, 2012) ("In asking this court to declare the State farm judgment void because of legal errors that [the judge] supposedly committed in resolving the matter, [the plaintiff] essentially seeks appellate review of a prior state-court decision. This falls directly under *Rooker-Feldman* and so this court lacks subject matter jurisdiction over [the plaintiff's] claims to this extent."); *Hall v. Callahan*, No. 5:11-CV-01740, 2012 WL 1644009, at *3 (N.D. Ohio, May 10, 2012) ("it is clear that the

5

plaintiffs want this Court to review and reject Judge Cross's decision based on the alleged unconstitutional manner in which she made her decision. Under the *Rooker-Feldman* doctrine, this court does not have jurisdiction "over challenges to state court decisions, even if the challenge alleges that the state court acted unconstitutionally.")

Accordingly, I suggest that Defendant's motion to dismiss should be granted based on the *Rooker-Feldman* doctrine.[2]

---

[2] Based on this recommendation, the other issues raised in Defendant's motion need not be addressed.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                 s/ **Charles E. Binder**
                 CHARLES E. BINDER
Dated: October 17, 2013        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and upon the following non-ECF participant via the United States Postal Service: Rodney Smith, P.O. Box 36, Black River, MI 48721.

Date: October 17, 2013        By    s/Patricia T. Morris
                 Law Clerk to Magistrate Judge Binder