UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY SMITH,

        Plaintiff,                              Case No. 13-13327
                                                  Honorable Thomas L. Ludington

v.

BANK OF AMERICA/FLEET,

        Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

        In July 2013, Rodney Smith filed a pro se complaint in Michigan state court, alleging that Bank of America/Fleet (BAF) committed "trespass of rights . . . while acting as a creditor/lender" and while "acting as a complainant in district court." Pl.'s Compl. 6, *attached as* Def.'s Notice Removal Ex. A. Specifically, Smith believes that BAF "filed an action . . . against [him] . . . and caused procurement of a void order dated 7-26-06 . . . ." *Id*. It appears that in 2006 BAF filed a lawsuit against Smith to collect approximately $6,000, and Smith did not answer or appear. Subsequently, the state court entered default judgment against him.

        BAF removed Smith's complaint on August 2, 2013, and on August 9, 2013, it filed a motion to dismiss. *See* Def.'s Mot., ECF No. 3. The motion was referred to United States Magistrate Judge Charles E. Binder, and on October 17, 2013, Judge Binder issued a report recommending that the motion to dismiss be granted and the case be dismissed.

        Judge Binder concluded that Smith's complaint—which is entitled "Complaint for Declaratory Judgment to Declare a Void Judgment a Matter of Public Record"—requests relief that this Court is unable to grant. Judge Binder concluded that Smith seeks "a declaration that the state court judgment against him is void . . . ." Report & Rec. 5, ECF No. 9. Under the

*Rooker-Feldman* doctrine, however, this Court "lacks jurisdiction to grant the relief requested." *Id*.

When no objections were filed by either party, Judge Binder's report and recommendations were adopted on November 5, 2013. Judgment was entered against Smith the same day. On November 20, 2013, Smith filed a motion for reconsideration. He indicates that he sent objections, via United States mail, on November 1, 2013—only two days after he was served with Judge Binder's report. Attached to Smith's motion is a receipt substantiating his assertion. *See* Pl.'s Mot. Ex. A, ECF No. 16.

But even if Smith's objections were timely and are considered, it does not change the ultimate result of his case. In his objections, Smith admits that his complaint requests "review of a state court judgment," Pl.'s Objection 1, ECF No. 15, a judgment that he claims is "void" and "based upon nothing at all," *id*. at 2. Although he seeks review of a state court judgment, Smith argues in his objections that an exception to the *Rooker-Feldman* doctrine applies to save his claims: "There are exceptions to the *Rooker-Feldman* doctrine when the state court judgment was procured through fraud, deception, accident, or mistake. If a state court did not have subject matter jurisdiction over the prior action, its orders would be void ab initio and subject to attack, notwithstanding *Rooker-Feldman*." *Id*. (citation omitted). Indeed, it appears that Smith believes the state court acted in "excess of [its] jurisdiction," *id*., and thus the *Rooker-Feldman* doctrine does not foreclose his claims.

Smith is incorrect. The 2006 state court action against him involved a complaint filed by BAF in a debt-collection action, and the court entered a default judgment when Smith did not answer or appear. As established in *Asset Acceptance Corp. v. Robinson*, 625 N.W.2d 804 (Mich. Ct. App. 2001), Michigan state courts have jurisdiction over debt-collection actions. *Id*.

at 808 (indicating suit was proper where involving a defendant "subject to the FDCPA as a debt collector"). Moreover, Michigan courts have long recognized the entry of judgment by default as an appropriate method for disposing of cases where one party fails to participate. *See Lyell v. Sanbourn*, 2 Mich. 109, 115 (1851) (sustaining entry of judgment by default due to "the plaintiffs in error"). Accordingly, the state court did not act in "excess of jurisdiction" as Smith contends.

And, as Judge Binder pointed out in his report and recommendation, the *Rooker-Feldman* doctrine precludes subject-matter jurisdiction over Smith's claim. The doctrine "originates from two Supreme Court decisions, which were rendered 60 years apart." *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). In *Coles*, the Sixth Circuit explained the two Supreme Court decisions that led to the *Rooker-Feldman* doctrine:

> In both cases the plaintiffs challenged the validity of state court decision by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." In *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. In both cases the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions.

*Coles*, 448 F.3d at 857. The Supreme Court has clarified that the *Rooker-Feldman* doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

That is the precise situation presented here. Smith is a state-court loser, complaining of harms caused by a state-court judgment, rendered long before he filed his complaint in this case. As Smith notes in his objections, he wants this Court to review that state court judgment and to

declare it "null and void," just as was the request in *Rooker* almost one-hundred years ago. Nothing in the record indicates that the state court did not have jurisdiction over Smith personally or over the subject matter of the 2006 lawsuit between Smith and BAF, and in this circuit, the *Rooker-Feldman* doctrine "precludes federal court jurisdiction where that claim is a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case." *Gabhart v. Cocke Cnty., Tenn.*, 155 F. App'x 867, 873 (6th Cir. 2005) (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)). Smith's claims are without merit.

So regardless of Smith's objections, Judge Binder's report and recommendations were correct and were appropriately adopted. Smith's claims are barred by the *Rooker-Feldman* doctrine, and this Court lacks the subject-matter jurisdiction necessary to consider them.

Accordingly, it is **ORDERED** that Smith's motion for reconsideration, ECF No. 16, is **DENIED**.

Dated: December 13, 2013                               s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Rodney Smith, P.O. Box 36, Black River, MI 48721 by first class U.S. mail, on December 13, 2013.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS